UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBIN SKORIE,

          Plaintiff,

   v.                                    Case No. 06-C-849

HARTFORD LIFE GROUP INSURANCE
COMPANY and ROBBINS INC GROUP
DISABILITY INCOME INSURANCE PLAN,

          Defendants.

**ORDER DENYING MOTION TO DISMISS AS MOOT**

      Plaintiff Robin Skorie commenced this action in state court seeking to recover long-term disability benefits under an employee welfare benefit plan sponsored and administered by her former employer, Robins, Inc., and insured by Hartford Life Group Insurance Company. In her state court action, plaintiff asserted two claims against Hartford and Robins: breach of contract and bad faith. On August 8, 2006, Hartford and Robins removed the case to this court alleging federal question jurisdiction under 28 U.S.C. § 1331. Thereafter, the defendants moved to dismiss the plaintiff's state court complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that the state law claims asserted by the plaintiff were preempted under ERISA. Plaintiff has now filed an amended complaint which purports to assert only an ERISA claim. Assuming the amendment is allowed, defendants' motion is moot and should be denied on that basis.

Plaintiff filed the amended complaint without seeking leave of the court. Under Rule 15, "a party may amend the pleading once as a matter of course at any time before a responsive pleading is served. . . ." Fed. R. Civ. P. 15(a). Although defendants filed a motion to dismiss pursuant to Rule 12(b)(6), it is well established in this circuit that a motion to dismiss does not constitute a responsive pleading. *See Car Carriers, Inc. v. Ford Motor Company*, 745 F.2d 1101, 1111 (7th Cir. 1984). However, plaintiff's proposed amended complaint is not the first amendment to the pleadings. The complaint was amended prior to its removal from state court. The question that arises is whether a previous amendment in state court prior to removal of the case to federal court counts for purposes of determining whether further amendment is allowed without leave of the court under Rule 15(a).

Of course, even if leave is required, it is must "be freely given when justice so requires." *Id.* And since we are at the earliest stage of the litigation and the defendants would suffer no prejudice as a result of allowing the amendment, leave to amend would clearly be granted under the circumstances of this case. In truth, even absent the amendment proffered by plaintiff, defendants would not be entitled to dismissal of the complaint. *See McDonald v. Household Intern. , Inc.*, 425 F.3d 424, 427-28 (7th Cir. 2005) (holding that fact that negligence and other state-law claims asserted in diversity action by employee against employer and employee benefit plan's insurer were preempted by ERISA did not require that action be dismissed absent amendment to complaint to add ERISA claim; question was whether relief was possible based on any legal theory, ERISA included, under any set of facts that could be established consistent with allegations.).

Based on the foregoing, I conclude that the issue raised is purely academic and need to delay proceedings in this matter. Accordingly, so as to avoid further and unnecessary delay, the amended

2

complaint is accepted as filed and the motion to dismiss the previously amended complaint is denied as moot. Defendants shall have twenty days within which to file or otherwise move with respect to the newly filed complaint, following which the matter will be set on the court's calendar for scheduling.

      **SO ORDERED** this __19th__ day of September, 2006.

                                          s/ William C. Griesbach
                                          William C. Griesbach
                                          United States District Judge